IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

JACKIE NELSON,

      Plaintiff,

v.                                                   Case No. 3:11-cv-00164

WADE WELLMAN,
PAUL BAKER, and
WAYNE COUNTY COMMISSION,

      Defendants.

## ORDER

Pending before the Court is the Plaintiff's Motion to Compel (Docket No. 39). Defendants have filed a response (Docket No. 41), and the time for filing a Reply has expired. On April 13, 2012, the Court conducted a telephone conference with the parties' counsel to clarify several factual issues. As those questions are now resolved, the matter is ready for disposition. For the reasons that follow, the Court **GRANTS** Plaintiff's Motion to Compel as outlined below.

I.     **Relevant Facts**

This civil action alleges, in relevant part, violations of 42 U.S.C. § 1983 in the search and frisk of Plaintiff by Defendants Wellman and Baker, who were Deputy Sheriffs with the Wayne County Sheriff's Department and were employed by the Wayne County Commission. In particular, Plaintiff asserts that the deputies grabbed and jerked his right arm, using excessive force, and partially tearing Plaintiff's right rotator cuff. Plaintiff further alleges that the Wayne County Commission had a

custom, policy, and practice of uncritically supporting deputies who used excessive force, of failing to train, supervise, and discipline deputies who used excessive force, and of being "deliberately indifferent" to the constitutional rights of citizens in its hiring of deputies. Plaintiff contends that the policies and customs of the Wayne County Commission were "a moving force" in causing the alleged violation of his constitutional rights.

On or about December 30, 2011, Plaintiff served a Request for Production of Documents on Defendants, which is the subject of this Motion to Compel. Defendants responded to the requests, but objected and refused to produce certain documents. The parties attempted to resolve their discovery differences, but were unable to reach an agreement in regard to three specific requests.[1] Accordingly, Plaintiff filed a Motion to Compel.

## II. Disputed Requests

The following three requests for document production are in dispute:

Request No. 1: A complete and legible copy of the personnel file and documents of Stafford Poff and Chet Maynard, including by not limited to pre-appointment information, personal history, training personnel evaluations, complaints filed by citizens, commendations, disciplinary action and work history.

Request No. 7: A complete and legible copy of performance evaluations and reviews of Stafford Poll and Chet Maynard during each of the years of his [sic] employment with the Defendant Commission.

Request No. 8: A complete and legible copy of all Complaints concerning the work performance of Defendant Wellman, Defendant Baker, Stafford Poff and Chet Maynard, and any warning notices to them about allegations of excessive force during their tenure.

---

[1] Defendant did agree to withdraw its objection to Request No. 6 and provide a complete and legible copy of the performance evaluations and reviews of Defendants Wellman and Baker during each of the years of their employment with the Defendant Commission.

Defendants object to producing the records pertaining to Stafford Poff and Chet Maynard because they are neither parties nor witnesses in the present action. In addition, Defendants feel that the requests are overly broad and seek irrelevant information.

### III. <u>Applicable Law</u>

Federal Rule of Civil Procedure 26(b) permits a party to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." In a federal question case, such as a § 1983 action, "ordinarily the overriding policy is one of disclosure of relevant information in the interest of promoting the search for truth." *King v. Conde,* 121 F.R.D. 180, 187 (E.D.N.Y. 1988), quoting *Burke v. New York City Police Dept.,* 115 F.R.D. 220, 225 (S.D.N.Y. 1987). When a § 1983 action contains an allegation of governmental liability based upon "practices of state officials so permanent and well-settled as to constitute a 'custom or usage' with the force of law," a court's allowance of unrestricted discovery, which is targeted at discerning the existence of such custom or usage, actually furthers important federal substantive policy. *Floren v. Whittington,* 217 F.R.D. 389 (S.D.W.Va. 2003), quoting *Monell v. Dep't of Social Services,* 439 U.S. 658, 690-691 (1978). "The great weight of the policy in favor of discovery in civil rights actions supplements the normal presumption in favor of broad discovery ... Together, these powerful public policies suggest that the defendants' case for restricted discovery must be extremely persuasive." *King v. Conde,* 121 F.R.D. at 195.

In civil rights actions against local law enforcement officers, disputes over the production of information in the hands of the employing governmental entity are common and generally involve a claim that the information is protected from discovery by the existence of a privilege. *Id.* at 187. A party seeking to invoke a privilege must identify the kind of privilege that applies and "bears the burden of justifying its application." *Id.* at 189. In *King,* often recognized as the leading case on the issue of discoverability of "official information," the District Judge concluded that regardless of the name given to the privilege, the test for determining the propriety of prohibiting disclosure of official documents would be the same.

In *Floren v. Whittington,* the seminal case on the subject in this District Court, the late Hon. Charles H. Haden II, adopted the rationale expressed in *King v. Conde*, adding that "there is a general presumption against the invocation of an official information privilege, however denominated." *Floren,* 217 F.R.D. at 391. Relying heavily on the *King v. Conde* decision, Judge Haden identified the procedure that should be followed by courts when ruling on a Motion to Compel official information for which a privilege has been asserted. First, the court should examine the relevance of the documents sought and the soundness of the privilege asserted. To invoke a privilege, the police officers or department must do more than simply assert the existence of a privilege. *King,* 121 F.R.D. at 189. Instead, the officers or department must make a "substantial threshold showing" that certain harm is likely to occur if the requested documents are disclosed. *Id.* The threshold showing must include an enunciation of the specific harm flowing from disclosure of a particular type or piece of information. *Floren,* 217 F.R.D. at 391-392, citing to *King,* 121 F.R.D at 191. Once the threshold showing has been made, the Court must perform a balancing test,

evaluating and weighing the interests favoring and disfavoring disclosure.[2] If the showing is not made, the Court should consider "the general principles of truth seeking in discovery and its broad application to any relevant material not privileged" and compel disclosure. *Floren,* 217 F.R.D. at 392.

## IV. Analysis

In the present case, Plaintiff alleges failures on the part of the Wayne County Commission in the hiring, training, supervision, and discipline of its Sheriff's deputies resulting in their sanctioned use of unnecessary and excessive force. To prevail on these claims, Plaintiff must demonstrate that responsible policymakers in the Commission had actual or constructive knowledge of a persistent and widespread unconstitutional custom, policy or practice by the Sheriff's Department and either acquiesced in the custom, policy, or practice or failed to correct it.[3] To establish the "persistent and widespread" nature of the custom, policy or practice, Plaintiffs must supply proof that it was of sufficient duration and frequency to have placed officials on notice of its existence. Accordingly, personnel files of deputies in the Sheriff's Department, as well as complaints pertaining to issues of excessive force are relevant to these allegations. Here, Plaintiff represents that Stafford Poff and Chet Maynard are former deputies in the Wayne County Sheriff's Office. Plaintiff believes that these deputies were the subject of complaints involving the use of excessive force.

---

[2] The factors considered by the Court include those favoring nondisclosure (threat to officers' safety; invasion of officers' privacy; weakening of law enforcement programs by revealing police tactics or evidence; chilling of official internal investigative candor; chilling of citizen complainant candor; and State privacy laws) and those favoring disclosure (relevance and importance to plaintiff's case; strength of plaintiff's case; and importance to the public interest). *King,* 121 F.R.D. at 191-195; See, also, *Wolfe v. Green,* 257 F.R.D. 109 (S.D.W.Va. 2009).

[3] In their brief in opposition to the motion, defendants rely heavily upon cases involving supervisory liability, rather than governmental liability. However, the instant case does not allege supervisory liability; instead, Plaintiff asserts that the Commission sanctioned the use of excessive force through its deliberately indifferent policies on the hiring, training, supervision, and discipline of its deputies.

Therefore, Plaintiff seeks to discover if the Commission was aware of pre-appointment information suggesting a prior history of excessive force on the part of these deputies, as well as information relative to their performance, training, supervision, and discipline while they functioned as deputies in the employ of the Wayne County Commission.

Undoubtedly, some of the information pertaining to these individuals should be withheld from Plaintiff or redacted prior to production; for instance, information that might jeopardize the safety of the officers and their family members (e.g. home addresses, social security numbers, telephone numbers); private documents related to medical or psychological treatment; and other "matters of personal life unrelated to any acts done by them in their public capacity." *King,* 121 F.R.D. at 191-192. The burden to review the requested files, identify those documents, and state with particularity the reasons for redacting or withholding the documents rests with the Defendants. When performing this review, Defendants should bear in mind the general principle articulated in *King v. Conde* that "[l]awsuits brought under 42 U.S.C. § 1983 require special attention to full disclosure," because these suits "represent a balancing feature in our governmental structure whereby individual citizens are encouraged to police those who are charged with policing us all. Thus, it is of special import that suits brought under this statute be resolved by a determination of the truth rather than by a determination that the truth shall remain hidden." *King,* 121 F.R.D. at 195, quoting *Wood v. Breier,* 54 F.R.D. 7, 10-11 (E.D. Wis. 1972) (citations omitted). The Court does agree with Defendants that requesting complaints concerning "the work performance" of the officers is overly broad (Request No. 8). For that reason, the Court finds it reasonable to limit discovery to

complaints involving the use of unnecessary or excessive force.

Consequently, the Court **ORDERS** that Defendants shall have through and including **April 27, 2012** to supply a copy of the documents sought in Request Nos. 1 and 7 and a copy of documents described in Request No. 8, limited to complaints and warning notices pertaining to the use of unnecessary or excessive force. Defendants may redact and/or withhold responsive documents subject to a privilege, but must provide Plaintiffs with a written explanation for each redaction or record withheld, generally describing the nature of the information redacted or withheld and stating with particularity the reason for redacting or withholding the record, using the factors set forth in *Floren v. Whittington.* Plaintiffs shall have fourteen days after receipt of the records to object, in writing, to Defendants' redactions or protection of records. Upon receipt of the objections, Defendants shall deliver to the undersigned for *in camera* review a copy of the original documents that are the subject of Plaintiffs' objections, noting the portions withheld or redacted; a copy of the written reasons for nondisclosure; and a copy of Plaintiffs' written objections. **These documents do not need to be filed with the Clerk.** The Agreed Protective Order (Docket No. 37) shall govern the use and disclosure of the documents.

The Clerk is instructed to provide a copy of this Order to all counsel of record.

**ENTERED:** April 13, 2012.

Cheryl A. Eifert
United States Magistrate Judge